Law Office of Stephen Murphy
STEPHEN N. MURPHY #207102
622 Jackson St.
Fairfield, CA 94533
Telephone: 707-425-3358
Facsimile: 707-359-0211
E-mail: steve@murphyesq.net

Attorney for the Debtor(s)
Susan Louise Magliano−Bassoff

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO

In re

Susan Louise Magliano−Bassoff
XXX-XX-5182

Debtor(s).

Case No.: 13−27992 − B − 13J

Chapter 13

DC No.: SNM-2

**MOTION TO AVOID JUDICIAL LIEN OF JOHN A. DERONDE, JR.**

Date: July 30, 2013
Time: 9:32 a.m.
Courtroom: 32, 6th Floor
Judge: Thomas C. Holman

Debtor, Susan Louise Magliano−Bassoff, by and through her attorney of record, Stephen N. Murphy, Esq., hereby moves the court for an order avoiding the judicial lien of John A. DeRonde, Jr. (hereinafter "Lien-holder"), as against the real property located at 3500 Pleasants Trail, Vacaville, CA, and identified by Solano County Assessor's Parcel Number 0102-090-100 (the "Subject Property"). This motion is based on the following.

1. Debtor commenced this case on June 19, 2013, by filing the above-numbered voluntary petition for relief under Chapter 13 of title 11, United States Code.

2. This motion is filed pursuant to 11 U.S.C. § 522(f) for an order avoiding a lien "on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled." 11 U.S.C. § 522(f)(1).

3. Lien-holder filed proof of claim number one (1) on June 19, 2013 (the "Proof of Claim"). See **Exhibit 1**. Lien-holder's Proof of Claim asserts that the debt is secured by real estate described as 3500 Pleasants Trail, Vacaville, CA 95688.

4. Lien-holder recorded an Abstract of Judgment with the Solano County Recorder's Office on September 17, 2010 as Instrument #201000085060. See **Exhibit 2**. The Abstract of Judgment secures the debt by all real property owned by the Debtor in the County of Solano. The Subject Property is located in the County of Solano. Therefore, the debt owed to Lien-holder, as asserted in the Proof of Claim, is a secured debt.

5. As of the date of the filing, the value of the Subject Property was $607,000.00. Refer to the Declaration of Debtor filed herewith.

6. As of the date of the filing, the Subject Property was encumbered by a mortgage secured by a first deed of trust in favor of Wells Fargo Bank. The balance of the loan secured by the first deed of trust as of the date of filing was $659,999.00, see the Declaration of Debtor filed herewith.

| | |
|---|---|
| Fair Market Value | $607,000.00 |
| Wells Fargo Bank's First Deed of Trust | $659,999.00 |
| Ne Equity (negative) | — $52,999.00 |

7. Debtor claimed an exemption on the Subject Property pursuant to C.C.P. § 703.140(b)(1), see **Exhibit 4**. Debtor lives in the Subject Property, and is entitled to the claim the exemption under 11 U.S.C. § 522(b).

8. The claim of Lien-holder in third priority and secured by an Abstract of Judgment identified as Instrument #201000085060, is a judicial lien, and it impairs an exemption to which the Debtor would be entitled to under 11 U.S.C. § 522(b).

*POINTS AND AUTHORITIES*

Section 522(f) of the Bankruptcy Code authorizes the court to avoid a lien "on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled." 11 U.S.C. § 522(f)(1). There are four elements to avoidance of a lien that impairs an exemption: (1) there must be an exemption to which the debtor would have been entitled; (2) the property must be listed on the schedules and claimed as exempt; (3) the lien must impair the exemption claimed; and (4) the lien must be a judicial lien or a non-possessory, non-purchase money security interest in property described in 11 U.S.C. § 522(f)(1)(B). Goswami v. MTC Distributing (In re Goswami), 304 B.R. 386, 390-391 (B.A.P. 9th Cir. 2003); In re Mohring, 142 B.R. 389, 392-393 (Bankr. E.D. Cal. 1992), aff'd 153 B.R. 601 (B.A.P. 9th Cir. 1993), aff'd, 24 F.3d 247 9th Cir. 1994); Morgan v. FDIC (In re Morgan), 149 B.R. 147, 151 (B.A.P. 9th Cir. 1993).

Impairment is statutorily defined, "For the purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of-(I) the lien; (ii) all other liens on the property; and (iii) the amount of the exemption that the debtor could claim if there were no liens on the property; exceeds the value that the debtor's interest in the property would have in the absence of any liens." 11 U.S.C. §522(f)(2)(A).

In this case, the total of all unavoidable liens and the exemption is $660,000.00. The value of the property without liens is $607,000.00.

**MOTION TO AVOID JUDICIAL LIEN OF JOHN A. DERONDE, JR.**
*MAGLIANO-BASSOFF 13-27992 (SNM-2)*

3

*PRAYER*

WHEREFORE, Debtor prays this Court makes its order declaring the judicial lien of John A. DeRonde, Jr. identified as Instrument #201000085060 is void as it affects the Subject Property, and for such further relief as the Court considers proper.

Dated: June 28, 2013                                       /s/ Stephen N. Murphy
                                                          STEPHEN N. MURPHY
                                                          *Attorney for Debtor*